IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NYKA O'CONNOR,
Inmate No. 199579,
     Plaintiff,

vs.                                 Case No.: 3:13cv179/LAC/EMT

WALTER McNEIL,
     Defendant.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), housed at Union Correctional Institution, commenced this 42 U.S.C. § 1983 action on March 25, 2013 (*see* doc. 1 at 8).

      Title 28 U.S.C. § 1915(g), the "three strikes" provision of the Prison Litigation Reform Act, prohibits a prisoner from proceeding in forma pauperis under certain circumstances. That provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

      A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the

prisoner "must pay the filing fee at the time he *initiates* the suit."); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); <u>Brown v. Johnson</u>, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice that Plaintiff has been declared a "three striker" by this court. *See* <u>O'Connor v. Carnahan</u>, No. 3:09cv143/MCR/EMT, 2009 WL 1011754 (N.D. Fla. Apr. 14, 2009) (unpublished), *Report and Recommendation Adopted*, 2009 WL 1227906 (N.D. Fla. May 5, 2009) (unpublished).[1] Therefore, Plaintiff is no longer entitled to proceed in forma pauperis and must pay the filing fee at the time he initiates his lawsuit, unless he qualifies under the "imminent danger of serious physical injury" exception of § 1915(g).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed without full payment of the filing fee at the time he commences the case. According to the Eleventh Circuit, in <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; <u>Jackson v. Reese</u>, 608 F.2d 159, 160 (5th Cir. 1979); <u>McAlphin v. Toney</u>, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. <u>White v. State of Colorado</u>, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when

---

[1] The inmate number of the plaintiff in that case (#199579) is the same as Plaintiff's.

plaintiff was placed in administrative confinement prior to the filing of his complaint); *see also* <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff names Walter McNeil, former Secretary of the FDOC as the sole Defendant in the style of the case, but he appears to also bring suit against the current Secretary of the FDOC, another former Secretary, and several employees of Santa Rosa Correctional Institution ("SRCI"), where Plaintiff was housed at the time of the events underlying this action (i.e., approximately September and October of 2009) (*id.* at 2–5). He alleges he is an asthmatic and a "psych patient," who suffers from depression and hallucinations (*id.* at 2). He alleges correctional officers at SRCI retaliated against him on September 15, 2009, for filing grievances by placing him in a cell with "an anoying [sic] old Hispanic male," in the hope that Plaintiff would assault the other inmate, which would justify the officers' placing Plaintiff on Close Management ("CM"), a restrictive custody status (*id.*). Plaintiff alleges he filed grievances on October 16, 2009, declaring a "psych emergency" because he was homicidal, suicidal, and hearing voices, but an officer denied his request for immediate mental health treatment (*id.* at 2–3). He alleges that on October 19, 2009, correctional officers placed him on "strip cell" status, meaning he was deprived of all property except boxer shorts (*id.* at 3). He alleges officers then placed him in a single cell, after first spraying the cell with chemical agent (*id.* at 3–4). Plaintiff alleges he placed his arm through the food flap of his cell, and officers attempted to break his arm and sprayed chemical agent on him (*id.* at 4). Plaintiff alleges he declared a psych emergency and spoke with a psychiatrist (*id.* at 5). He alleges he was then moved to another cell, where he smeared feces on the walls and declared another psych emergency, because voices told him to do so (*id.*). Plaintiff alleges officers sprayed him with chemical agent, and then transferred him to the medical department (*id.*). He alleges he was allowed to shower and was then placed in a cell (*id.*). He alleges he was placed on "the loaf" for seven (7) days, so he went on a hunger strike for ten (10) days (*id.*). He alleges during that time, he lost consciousness (*id.*). Plaintiff alleges neither the warden nor the SRCI inspector thoroughly investigated these incidents (*id.*). Plaintiff claims that Defendants' conducted violated his rights under the First, Eighth and Fourteenth

Amendments (*id.* at 6–7).  As relief, he seeks compensatory, punitive and nominal damages, as well as declaratory and injunctive relief (*id.* at 7).

Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury.  Plaintiff has not shown that the alleged conduct of Defendants, which occurred at a different correctional institution, from which Plaintiff was transferred prior to his filing the instant complaint, presents an existing threat of serious physical injury to him.  Further, his allegation that the conduct of employees of SRCI was the result of the FDOC Secretary's policies or customs is conclusory and thus insufficient to show the type of emergency circumstances contemplated by the "imminent danger of serious physical injury" exception of § 1915(g).  Because the facts do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does not qualify under the imminent danger exception to § 1915(g).  Accordingly, he must pay the filing fee at the time he <u>initiates</u> the suit, and failure to do so warrants dismissal without prejudice.  *See* <u>Dupree</u>, 284 F.3d at 1236; <u>Vanderberg</u>, 259 F.3d at 1324.

In his complaint, Plaintiff alleges that the federal court for the Middle District of Florida is transferring the full filing fee he paid to that court in Case No. 3:11cv1059-J-34MCR (a case which Plaintiff voluntarily dismissed the same day he filed the instant case), to this court for payment of the filing fee in the instant case (doc. 1 at 7).  On June 5, 2013, the magistrate judge assigned to Case No. 3:11cv1059-J-34MCR in the Middle District, issued an order directing the finance clerk of that court to forward Plaintiff's filing fee paid in that case to the Northern District for submission in the instant case (doc. 7).  However, Plaintiff's payment of the filing fee <u>nearly three months after</u> filing the instant case cannot save this case from dismissal pursuant to § 1915(g), because <u>Dupree</u> mandates that a § 1915(g)-barred plaintiff "must pay the full filing fee at the time he *initiates* the suit" in order to avoid dismissal.  <u>Dupree</u>, 284 F.3d at 1236 (emphasis in original).  Therefore, the instant case is still subject to dismissal without prejudice.  The undersigned does, however, recommend that in the interest of fairness, the filing fee should be returned to Plaintiff if and when this court actually receives Plaintiff's filing fee from the Middle District.  *See, e.g.*, <u>O'Bryant v. Wilson</u>, No. 1:08cv234/MMP/AK, 2010 WL 940352, at *2 (N.D. Fla. Mar. 12, 2010) (unpublished) (dismissing three-striker's case without prejudice to plaintiff's refiling with full payment of filing fee "up front," and returning subsequently paid filing fee to plaintiff); *see also, e.g.,* <u>Garland v. Wheeler</u>, No. 4:09cv358/SPM/WCS, 2009 WL

3644800, at *1 (N.D. Fla. Oct. 28, 2009) (unpublished) (dismissing three-striker's case without prejudice to plaintiff's refiling with full payment of filing fee "up front," and returning partial payments of filing fee to plaintiff); Knight v. Patterson, No. 12-0533-CG-M, 2012 WL 5381621, at *1 n.1 (S.D. Ala. Oct. 12, 2012) (unpublished) (same), *Report and Recommendation Adopted,* 2012 WL 5381597 (S.D. Ala. Oct. 30, 2012); Moore v. Lopez, No. 10-00029-KD-B, 2010 WL 2609047, at *1 n.1 (S.D. Ala. May 24, 2010) (unpublished) (same), *Report and Recommendation Adopted,* 2010 WL 2609048 (S.D. Ala. June 28, 2010).

Accordingly, it is respectfully **RECOMMENDED**:

1.     That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the filing fee in its entirety at the time he initiates the new case.

2.     That the clerk of court be directed to return the filing fee to Plaintiff if and when it is received from the Middle District.

At Pensacola, Florida, this 17th day of June 2013.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**